# FILED

March 27, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:25 PM



## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Patricia McCord | ) | Docket No. 2014-06-0063 |
| | ) | |
| Employer: Advantage Human Resourcing | ) | State File No. 79894-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Opinion Affirming In Part And Remanding Interlocutory Order Of Court Of Workers' Compensation Claims in the referenced case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Opinion Affirming In Part And Remanding Interlocutory Order Of Court Of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 27th day of March, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| J. Allen Callison | | | | | X | acallison@eraclides.com |
| Christopher Kim Thompson | | | | | X | kthompson@tlgpllc.com |
| Joshua Davis Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

March 27, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:25 PM



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Patricia McCord ) | Docket No. 2014-06-0063 |
| ) | |
| Employer: Advantage Human Resourcing ) | State File No. 79894-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Joshua Davis Baker, Judge ) | |

---

### Affirmed in Part and Remanded - Filed March 27, 2015

---

## OPINION AFFIRMING IN PART AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

The employee alleged low back and right shoulder injuries while lifting boxes within the course and scope of her employment. Although the employee reported the claim to her employer within approximately four days of the alleged occurrence, she did not report a specific work injury to emergency room personnel and did not inform her supervisor of a work injury when she called to advise him that she would not be reporting for work the following day. The employer denied the claim and refused to provide medical treatment. In response to the employee's Request for Expedited Hearing, the trial court entered an Order compelling the employer to provide medical benefits. Having carefully reviewed the record, we affirm in part and remand the decision of the Court of Workers' Compensation Claims.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

1

J. Allen Callison, Nashville, Tennessee, for the employer-appellant, Advantage Human Resourcing

Christopher Kim Thompson, Nashville, Tennessee, for the employee-appellee, Patricia McCord

## Factual and Procedural Background

The employee, Patricia McCord ("Employee"), is a fifty-four year-old resident of Davidson County, Tennessee. On October 3, 2014, she was employed by Advantage Human Resourcing ("Employer"), a temporary staffing agency. She had been assigned to work at Cerqa at its site in Rutherford County, Tennessee. Her job included packing and lifting boxes that typically weighed between twenty-five and fifty pounds. Employee testified that, on October 3, 2014, she was "bending over lifting the boxes" when she "felt something in my back." She completed her shift and did not report a work accident to anyone at Cerqa or to her employer. Employee did not seek medical care during or immediately after her work shift. After going to bed later that evening, she attempted to get out of bed to go to the bathroom. She realized that she "couldn't move" and that her back had "locked up." She contacted her sister, who called an ambulance.

Employee admitted that she did not report to the emergency medical technicians that she had suffered a work injury earlier that day. Records from Nashville Emergency Medical Service corroborated this fact. According to the paramedic report dated October 3, 2014, EMTs found Employee sitting on her couch. She reported that she had tried to get out of bed and "felt a catch in her back." She denied any past history of back problems.

After arriving at the emergency room, Employee was examined by a triage nurse. She testified that she told the nurse she worked "in the warehouse lifting boxes." The records from Southern Hills Medical Center, dated October 4, 2014, indicate that Employee reported "acute onset of back pain after getting up from a seated position to standing."[1] There is no indication in the emergency room records dated October 4, 2014, that she described any work activities or related her symptoms to any such activities. There were no shoulder complaints on that visit. A CT scan revealed a disc bulge at L4-5, but "no acute fracture." She was discharged approximately two hours after arrival.

Although Employee was not scheduled to return to work until October 7, she had discussed with her Cerqa supervisor, Roosevelt Burrell, the possibility of working an extra shift on October 4. According to Mr. Burrell's affidavit, Employee informed him

---

[1] Paramedics arrived at Employee's residence in the late evening on October 3, but emergency room records are dated October 4 due to her arrival at the hospital after midnight.

2

on Saturday, October 4, that she "wasn't feeling able to work," but did not report a work-related accident at that time.

Employee returned to the same emergency room the following day, October 5, 2014, complaining of right shoulder symptoms. Those records reflect that Employee "does a lot of heavy lifting at work." X-rays of the shoulder were negative. On that date, she was diagnosed with a shoulder strain and discharged.

On October 7, 2014, Employee returned to work. She testified that she attempted to give some medical paperwork to Mr. Burrell, but he instructed her to give it directly to her employer. Employee completed her shift without contacting Employer. After her shift ended, she was contacted by Cynthia Doty, a recruiter with Employer.[2] Ms. Doty's purpose in contacting Employee was to advise her that the work assignment with Cerqa was ending because the companies had elected to terminate the temporary staffing agreement. It was during this conversation that Employee first reported the alleged work accident. Ms. Doty instructed Employee to come to Employer's office so that the appropriate paperwork could be completed regarding the alleged work injury.

Although Employer initially provided a panel of physicians to Employee, it subsequently elected to deny the claim and refused to schedule a medical appointment. Employee filed a Petition for Benefit Determination on November 20, 2014. Following the issuance of a Dispute Certification Notice, Employee filed a Request for Expedited Hearing on January 26, 2015. The trial court conducted an evidentiary hearing on February 10, 2015. Following the hearing, the trial court issued an Expedited Hearing Order on February 27, 2015. Employer timely filed its Notice of Appeal and the case was submitted to the Appeals Board on March 20, 2015.

**Standard of Review**

The standard of review applicable in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;

---

[2] Employee testified that she was the one who called Ms. Doty, but this was contradicted by Ms. Doty's testimony and affidavit. The trial court expressly found that Ms. Doty called Employee on October 7.

3

(C) Do not comply with lawful procedure;

(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or

(E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### *Standard of Proof at Expedited Hearings*

Tennessee Code Annotated section 50-6-239 governs hearings in the Court of Workers' Compensation Claims. Subsection 239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). Thereafter, section 50-6-239(d)(1) provides, in pertinent part, "a workers' compensation judge may . . . enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1) (2014). Thus, subsection 239(d)(1) establishes a different standard of proof for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. Contrary to Employer's position, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, as reflected in the plain language of subsection 239(d)(1), the judge may issue an interlocutory order upon determining that the employee would likely prevail at a hearing on the merits.

The standard of proof adopted by the general assembly in subsection 239(d)(1) is distinctly similar to the standard previously adopted by the Tennessee Supreme Court in *McCall v. National Health Corporation*, 100 S.W.3d 209 (Tenn. 2003). In *McCall*, the Court addressed a trial court's authority to order the initiation of temporary benefits with or without a full evidentiary hearing. In holding that a trial court had the authority to order an employer to initiate benefits prior to trial, the Court explained as follows:

4

We will not dictate to a trial court the measure of evidence necessary to determine whether to initiate temporary benefits. Similarly, we will not mandate how that evidence must be adduced. Indeed, in some cases a full evidentiary hearing may be necessary for the trial judge to make this determination. In others, the trial court may find sufficient evidence in the record upon which to base its determination, thereby making a hearing unnecessary. When deciding to initiate temporary benefits, the trial court must consider whether, from the record before it, the employee seeking benefits is *likely to succeed on the merits of the claim.* This standard is similar to those applied by the trial court when making other temporary judgments.

*Id.* at 214 (emphasis added). In the present case, the general assembly has adopted a standard of proof for expedited hearings similar to the standard of proof previously enunciated in *McCall.* We find, therefore, that an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of section 50-6-239(d)(1). A contrary rule would require many injured workers to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). Moreover, we note that since an expedited hearing is interlocutory in nature, either party may present additional evidence at the final compensation hearing and ask the trial court to reverse or modify the interlocutory order.

On the other hand, Employee argues that mere notice of an alleged workplace accident, in and of itself, is sufficient to trigger an employer's duty to provide medical benefits pursuant to Tennessee Code Annotated section 50-6-204(a)(3). Employee's position is not supported by the statute. Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that an employer shall furnish to the employee such medical treatment as is "made reasonably necessary by accident *as defined in this chapter.*" Tenn. Code Ann. § 50-6-204(a)(1)(A) (emphasis added).[3] Tennessee Code Annotated

---

[3] Though not cited by the parties, we note that Rule 0800-02-01-.25(1), which became effective March 22, 2015, provides that "[u]pon notice of *any workplace injury,* other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury. In any case where the employer fails to provide a panel of physicians to the employee within a reasonable amount of time, but in no instance longer than five (5) business days from the date the employer has notice of an injury *that would qualify for medical benefits,* or provides a panel of physicians to the injured employee that does not meet statutory requirements on more than one (1) occasion for the subject injury, the employer may be assessed a civil penalty, not to exceed five thousand dollars ($5,000)." Tenn. Comp. R. & Regs. 0800-02-01-.25 (2015) (emphasis added).

5

section 50-6-102(13), which defines whether an injury is "accidental," specifies that an injury by accident must arise "primarily out of and in the course and scope of employment" and must be "identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). Therefore, on its face, the statute limits an employer's duty to provide medical benefits to cases where the employee has sustained an injury by accident as defined in the statute.

Furthermore, the Rules of the Division of Workers' Compensation set forth "Claims Handling Standards" in workers' compensation cases. Rule 0800-2-14-.04 specifies as follows:

> (2) Insurers shall make personal or telephone contact with the employer within two (2) working days of notice of accident to verify accident details. Insurers and employers shall obtain a description of the job and prior claim information of the claimant within five (5) working days. All pertinent witnesses shall be contacted by insurer as they become known.
>
> . . . .
>
> (4) Insurers shall contact physicians who have rendered medical services to a claimant within seventy-two hours of verbal or written notice to confirm injury and treatment and make preliminary compensatory determination.

Tenn. Comp. R. & Regs. 0800-02-14-.04 (2013). Rule 0800-2-14-.04(7) further explains that decisions on workers' compensation coverage and compensability "shall be made within fifteen (15) days of verbal or written notice of accident." Tenn. Comp. R. & Regs. 0800-2-14-.04(7) (1999). The statute and rules contemplate that an employer has an initial period of time following receipt of notice of a work accident, not to exceed fifteen days, within which it must investigate a claim and make a preliminary decision on compensability. Adopting Employee's approach would require an employer to provide medical benefits without regard to the particular circumstances of the case and regardless of any defenses to the claim, effectively making these rules superfluous. Moreover, an inflexible approach mandating that an employer provide medical benefits as a matter of course ignores the fact that every case is different and should be evaluated on its own merits.

Furthermore, in *Lindsey v. Strohs Companies*, 830 S.W.2d 899 (Tenn. 1992), the Tennessee Supreme Court explained the concomitant duties of the parties with respect to authorized medical treatment:

> Under Tenn. Code Ann. § 50-6-204 (1983 & Supp. 1986), an employer has a duty to furnish medical and surgical treatment reasonably necessary to treat a *work-related injury*. Under the same statute, the injured employee has a corresponding duty to accept the medical benefits provided by the

6

employer, but only if the employer provides a list of three or more physicians or surgeons from which the employee has the privilege of selecting the operating surgeon or attending physician. Where the employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, the employer runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice.

*Id.* at 902-03 (emphasis added).[4] Thus, mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented. If an employer chooses to deny the claim following its initial investigation, the employee must come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable "injury by accident" at a hearing on the merits in accordance with section 50-6-239(d)(1). Conversely, an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel of physicians and/or benefits in a timely manner.

*Employee's Entitlement to Medical Benefits*

In the present case, the trial court made several findings of fact that are entitled to a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7). Although the trial court concluded that Employee "felt something pop in her back," and further concluded that Employee "did not identify any other possible causes of the 'pop' in her back," these findings are not supported by the evidence. Instead, Employee testified that she "felt something in my back" while lifting boxes at work. She was not asked specifically about "other possible causes," but did admit that she was unable to get out of her bed later that evening when her back "locked up" on her.

Moreover, the trial court's conclusion that an x-ray taken at the hospital revealed a herniated disc also is not supported by the evidence. Instead, the medical records document that a CT scan revealed a "disc bulge with moderate canal involvement" at L4-5. This same report described her condition as "lumbar spondylosis . . . greatest at L4-5" with "moderate narrowing of the spinal canal."[5]

---

[4] Reliance on precedent from the Tennessee Supreme Court is appropriate unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments.

[5] Although Employer objected to the admissibility of medical records at the expedited hearing, the trial court overruled this objection and admitted the records. Employer has not included this issue in its filings on appeal and has, in fact, relied on the medical records in its brief on appeal. The issue is therefore waived.

The trial court further concluded that Employee testified that providers at Southern Hills never asked her whether she suffered an injury at work, but that she "would have informed them of her concerns if they had asked." A careful review of the hearing transcript reveals no such testimony. Instead, Employee claimed that she told emergency room personnel on her first visit that she worked "in the warehouse lifting boxes." She then testified that she was asked other questions by emergency room personnel; however, counsel never asked Employee to elaborate on what other questions were asked.[6] Therefore, the preponderance of the evidence only supports a conclusion that medical personnel at Southern Hills did not document any alleged work accident on her first visit.

The trial court also observed in its Order that Employee "suffered a back injury approximately six years ago but denied any lingering pain or effects." Employee actually testified that she suffered a prior injury to her right shoulder, not her back. Contrary to the trial court's observation, Employee expressly denied any prior back injury.

Finally, the trial court's conclusion that Employee "carried her burden of establishing that she suffered an injury arising primarily out of and in the course and scope of her employment" likewise is not supported by a preponderance of the evidence. In fact, counsel for Employee made clear during opening statement and closing argument that "we haven't reached the point of determining whether this is compensable or not." Instead, Employee expressly asked for a panel of physicians so that an expert can "reach an opinion as to whether or not her injury is arising out of it [sic] in the course of her employment." To date, there is no proof in the record that Employee's medical condition is causally-related to the alleged work accident. Accordingly, such a finding by the trial court was premature.

Nevertheless, we find that Employee's testimony, the exhibits, and the record as a whole support the trial court's determination that Employee is entitled to a panel of physicians. Employee testified without contradiction that she felt symptoms in her low back while lifting boxes at work on October 3, 2014. The record is uncontradicted that she visited the emergency room twice over the following two days complaining of low back or right shoulder symptoms. Employer's representative, Ms. Doty, admitted that Employee's job duties included lifting boxes. Ms. Doty further admitted that Employee reported "back and left shoulder pain from repetitive lifting of heavy boxes" on October 7, 2014.[7] The on-site supervisor, Mr. Burrell, stated that Employee attempted to give him "medical paperwork" on October 7, and that he instructed her to give the paperwork directly to her employer. Under the particular circumstances of this case, Employee has come forward with sufficient evidence entitling her to a panel of physicians. However,

---

[6] On re-direct, Employee's counsel asked Employee whether paramedics questioned her about a work accident and she replied that she did not remember. She was not asked whether medical personnel at Southern Hills asked her about a work injury and she did not testify that she "would have informed them of her concerns if they had asked."

[7] Ms. Doty testified that the employee reported "back and *left* shoulder pain" on October 7, 2014, but the Southern Hills medical records indicate that she complained of *right* shoulder pain.

8

whether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

## Conclusion

To the extent that the trial court's order compels Employer to provide a panel of physicians from which Employee may select a physician for evaluation and treatment of any work-related injury, the Expedited Hearing Order is affirmed. The trial court's findings regarding compensability of Employee's claim were premature. This matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

9